## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR BETRES, #581340, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1473-D |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID).  Respondent is the Director of TDCJ-CID.  The Court did not issue process in this case, pending preliminary screening.

Statement of the Case:  Petitioner pled guilty to delivery of cocaine in the 265th Judicial District Court of Dallas County, Texas, in Cause No. F91-40291.  (Pet. at 2, and TDCJ Offender Information Detail).  On March 29, 1991, Punishment was assessed at thirty-five years

imprisonment.  (TDCJ Offender Information Detail).[1]  Petitioner did not appeal.  He was subsequently released on parole, which he states was revoked on October 26, 2005.  (Petitioner's Response to Show Cause Order at 1).

Thereafter, on March 10, 2006, he filed in the convicting court a state habeas corpus application pursuant to art. 11.07, Texas Code of Criminal Procedure.  *Ex parte Betres*, No. W91-40291-A.[2]  On July 26, 2006, the Texas Court of Criminal Appeals denied the application without written order.  *Ex parte Betres*, No. WR-65,002-01, www.cca.courts.state.tx.us/ opinions/Case.asp?FilingID=243943 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, November 28, 2006).

August 14, 2006, Petitioner filed this federal petition for writ of habeas corpus.  (Pet. at 1).  In his sole ground of error, he asserts that counsel rendered ineffective assistance during the guilty plea proceeding and at sentencing when he failed to advise Petitioner of the availability of a "Judicial Recommendation against Deportation."[3]

---

[1]	The petition incorrectly reflects the date of judgment of conviction as January 15, 1991.  (Pet. at 2).  The Court has verified this information with the Dallas County District Clerk.
	The TDCJ Offender Information Detail is available at http://168.51.178.33/webapp/ TDCJ/InmateDetails.jsp?sidnumber=04363441.

[2]	In response to the show cause order, Petitioner states that his state habeas application was filed on March 1, 2006.  *But see* Attachment I for Judicial Information, reflecting filing date for cause number W91-40291-A in top right hand corner.
	Insofar as Petitioner urges the Court to find his state application filed as of the date he placed it in the prison's mail system on March 1, 2006, the federal petition would nevertheless be time barred and equitable tolling would not apply as set out more fully below.  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (declining "to extend the mailbox rule to the determination of filing dates for state habeas applications . . . ."  and noting that the proper inquiry is "whether the prisoner is entitled to equitable tolling").

[3]	For purposes of this recommendation, the petition is deemed filed on August 9, 2006, the date Petitioner signed it and presumably placed it in the prison mail.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  The District Court may raise the affirmative defense of the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right

---

determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[4]        On September 7, 2006, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitation period or why the statute of limitations should be tolled on equitable grounds.  Petitioner filed his response to the court's show cause order on September 20, 2006.

under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts

supporting the claims raised in the instant petition for habeas relief became known or could have

become known prior to the date Petitioner's state judgment of conviction became final.  While

Petitioner urges that the factual predicate of his claims could not have been discovered until the

revocation of his parole on October 26, 2005 (Pet's Response to Show Cause at 1-2), his

contention is wholly unsupported and frivolous.  Petitioner's claim relates only to his 1991 guilty

plea and sentencing proceedings, and his reliance on *United States v. Castro*, 26 F.3d 557 (5th

Cir. 1994), a coram nobis proceeding, is misplaced.  Moreover, Congress has since repealed title

8 United States Code section 1251(b). (Pub.L. No. 101-649 (Nov. 29, 1990) § 505(a), 104 Stat.

4978, 5050.).  Thus, it was inapplicable at the time of Petitioner's plea and sentencing.  As a

result, the Court will calculate the one-year statute of limitations from the date Petitioner's

conviction became final at the conclusion of direct review or upon the expiration of the time for

seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal following his guilty plea conviction.  As a

consequence, his conviction became final on Monday April 29, 1991, thirty days after the

judgment was entered.  *See* Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997), formerly Tex. R.

App. P. 41(b)(1); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).  Because the

above date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from

April 25, 1996, through April 24, 1997, within which to seek habeas corpus relief.  *See Flanagan

v. Johnson*, 154 F.3d 196, 199-200 n.2 and 202 (5th Cir. 1998) (citing *United States v. Flores*,

135 F.3d 1000, 1006 (5th Cir. 1998)).

Petitioner did not file this federal habeas petition until August 9, 2006, more than nine

4

years after the running of the one-year grace period.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, the state habeas application was not pending in state court during the one-year grace period.  *Scott*, 227 F.3d at 263.  As noted above, the art. 11.07 application was not filed until March 10, 2006, almost nine years after the one-year grace period had expired.  Therefore, the petition for writ of habeas corpus is clearly untimely absent equitable tolling.

The present case does not present the type of "rare and exceptional circumstances" warranting equitable tolling.  *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."  *Turner v. Johnson*, 177 F.3d  390, 392 (5th Cir. 1999).  Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity."  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000).  Petitioner delayed the filing of his art. 11.07 application by more than nine years.  Petitioner provides no explanation for the above delay, which appear to be of Petitioner's own making.  Such unexplained delay does not make the circumstances of this case extraordinary enough to qualify for equitable tolling.  *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition rendered the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003).

"There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Basalo*, 2003 WL 21653864, *4. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS with prejudice the petition for writ of habeas corpus as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 28th day of November, 2006.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT  I**